IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 13, 2019 Session

## ROSALYN SMALL v. MEMPHIS-SHELBY COUNTY AIRPORT AUTHORITY

**Appeal from the Chancery Court for Shelby County**
**No. CH-14-0762-1   Walter L. Evans, Judge**

_____

### No. W2018-01461-COA-R3-CV

_____


This is the second appeal of this wrongful termination of employment case. Appellant/Employee appeals the amount of post judgment interest awarded. Because the trial court's order does not comply with Tennessee Rule of Civil Procedure 52.01, we cannot conduct a meaningful review. As such, we vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

David M. Sullivan, Memphis, Tennessee, for the appellant, Rosalyn Small.

Todd P. Photopulos and Brent E. Siler, Memphis, Tennessee, for the appellee, Memphis-Shelby County Airport Authority.



### MEMORANDUM OPINION[1]

This is the second appeal of this wrongful termination of employment case. The

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

specific background facts and procedure are set out in our first opinion, ***Small v. Memphis-Shelby Co. Airport Authority***, No. W2015-01090-COA-R3-CV, 2016 WL 3977111 (Tenn. Ct. App. July 20, 2016), *perm. app. denied, Not for Citation* (Tenn. Dec. 15, 2016) ("***Small I***"). As is relevant to this appeal, in ***Small I***, this Court affirmed the trial court's reinstatement of Appellant Rosalyn Small's employment with the Appellee Memphis-Shelby County Airport Authority ("Airport") as a police sergeant and remanded the case to the trial court. *Id*. at \*11.

On remand, the trial court referred the matter to a special master, who conducted a two-day hearing on the amount of back pay and other compensation due Ms. Small. The Special Master filed his report on December 20, 2017. Thereafter, each party filed objections to the Special Master's report, and the trial court heard those objections on January 29, 2018. Following the hearing, the trial court announced that it would adopt the Special Master's report. Before the trial court entered a written order, Ms. Small moved for clarification of its oral ruling, and the Airport filed an objection thereto. By order of February 21, 2018, the trial court adopted the Special Master's report, with the exception of interim earnings, to-wit:

> On December 20, 2017, the Special Master filed his report and recommended that Petitioner Small be awarded: (1) $395,082.40 in lost income, (2) $11,312.84 for pension reimbursement, and (3) $61,732 for additional income taxes she has to pay caused by the lump sum award. The Special Master also recommended that MSCAA be required to pay to the appropriate entities the following amounts on Petitioner's behalf: (1) Medicare tax, $5,353.51, (2) Additional Medicare tax, $2,250.00, (3) City Pension Plan, $18,828.70 plus any amount charged by the pension plan to restore her to full participation in the pension plan, and (3) Supplemental Pension Plan, $12,552.24, plus any amount charged by the pension plan to restore her to full participation in the pension plan. Finally, he also recommended that MSCAA be ordered to restore 660 hours of sick leave and 9 hours of "Lifeblood" leave to Sgt. Small.
>
> \*\*\*
>
> The Court adopts the Special Master's report. However, the report shall be modified to reduce the total award to account for Petitioner's interim earnings. Based on the parties' submissions and the argument of counsel at the February 16, 2018 hearing, the Court grants Petitioner's motion for clarification that the amount of the reduction shall be based on net earnings, not gross earnings. Accordingly, the total award shall be reduced by the amount of $44,950.37 to account for Petitioner's net interim earnings.

On July 5, 2018, Ms. Small filed a petition for post judgment interest pursuant to Tenn. Code Ann. § 47-14-122 ("Interest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial."). Ms. Small requested $75,182.52, which she stated was "[t]he amount of post judgment interest due, from the date the judgment was entered on May 19, 2015 through June 22, 2018" accruing at "[t]he applicable rate for a judgment entered on May 19, 2015 . . . 5.25%." Tenn. Code Ann. § 47-14-121(b). On July 11, 2018, the Airport filed a response in opposition to Ms. Small's petition for post judgment interest. In its response, the Airport stated that it did "not dispute that Petitioner would be entitled to post judgment interest," but it did dispute "the date that the post judgment interest began to accrue." The Airport argued that Ms. Small's proposed accrual date of May 19, 2015 was incorrect because, as of that date, "there was no monetary payment for [the Airport] to make as the amount of the back pay due and owing had yet to be calculated." The Airport opined that, "It was not until February 21, 2018, that [it] was ordered to pay a monetary amount. Therefore, post judgment interest could not have started to accrue until February 21, 2018." As such, the Airport maintained that the correct amount of post judgment interest was $8,533.13. By order of July 17, 2018, the trial court granted Ms. Small's motion, stating only that Appellee "shall pay Petitioner Rosalyn Small $41,500 in post judgment interest." There is no indication in the trial court's order as to how it arrived at this amount.

Ms. Small filed an appeal, arguing that the amount of the post judgment interest award was incorrect. Unfortunately, we do not reach the substantive issue in this case due to procedural shortcomings.

On review of the record in this case, we have determined that the trial court failed to make sufficient findings of fact and conclusions of law. Tennessee Rule of Civil Procedure 52.01 mandates that, "In all actions tried upon the facts without a jury, the court *shall* find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." *Id.* (emphasis added). This requirement is not a "mere technicality." *See **Hardin v. Hardin***, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *3 (Tenn. Ct. App. Dec. 27, 2012) (quoting ***In re K.H.***, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. 2009)). "[F]indings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of the trial court's decision." ***Lovlace v. Copley***, 418 S.W.3d 1, 34 (Tenn. 2013).

"There is no bright-line test by which to assess the sufficiency of factual findings, but 'the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue.'" ***Lovlace***, 418 S.W.3d at 35 (citing 9C Charles Wright et al., <u>Federal Practice and Procedures</u> § 2571 at 219-233 (3d ed. 2005)). As discussed above, the parties disagreed as to the proper accrual date for post judgment interest. In

the first instance, the trial court's order does not resolve the question of accrual date. Furthermore, the trial court's award of $41,500 in post judgment interest does not comport with the $75,182.52 amount proposed by Ms. Small or with the $8,533.13 suggested by the Airport. The trial court's order merely states its decision without explanation or legal grounds. This Court has held that "[s]imply stating the trial court's decision, without more, does not fulfill [the Rule 52.01] mandate." *Gooding v. Gooding*, 477 S.W.3d 774, 782 (Tenn. Ct. App. 2015) (quoting *Barnes v. Barnes*, No. M2011-01824-COA-R3-CV, 2012 WL 5266382, at *8 (Tenn. Ct. App. Oct. 24, 2012)).

Generally, the appropriate remedy when a trial court fails to make appropriate findings of fact and conclusions of law pursuant to Rule 52.01 is to "vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law." *Lake v. Haynes*, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011). However, in certain cases, this Court has concluded that it may "soldier on" with its review despite the trial court's failure to comply with Tennessee Rule of Civil Procedure 52.01 when the case involves a clear issue of law or the trial court's decision is readily ascertainable. *See Schnur v. Sherrell*, No. E2016-01338-COA-R3-CV, 2017 WL 2791711, at *3 (Tenn. Ct. App. June 27, 2017) (affirming the trial court's judgment despite a lack of findings of fact when the trial court orally articulated its reasoning); *but see Douglas v. Caruthers & Associates, Inc.*, No. W2013-02676-COA-R3-CV, 2015 WL 1881374, at *10 (Tenn. Ct. App. Apr. 24, 2015) (remanding to the trial court for entry of findings of fact in compliance with Rule 52.01 when the case presented complicated questions of law that required a fact-intensive inquiry and the trial court's decision was not readily ascertainable). That being said, this Court has been directed by the Tennessee Supreme Court not to relieve trial courts of the "high judicial function" required of judicial decision-making by conducting "archeological digs" of the record in an effort to support a trial court's decision. *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 313-14 (Tenn. 2014) (quoting *Church v. Perales*, 39 S.W.3d 149, 157 (Tenn. Ct. App. 2000) (noting that skeletal orders lacking a statement of grounds required appellate courts to "perform the equivalent of an archeological dig [to] endeavor to reconstruct the probable basis for the [trial] court's decision") (citation omitted)) (involving summary judgment). As noted above, the parties asked the trial court to resolve their disagreement concerning the proper accrual date for post judgment interest. The trial court's order does not resolve this issue. There is also a question concerning whether Ms. Smith is entitled to post judgment interest on all damages awarded or whether damages awarded to third-party "entities . . . on [Ms. Smith's] behalf" should be excluded from the post judgment interest calculation. Likewise, this question is not resolved by the trial court's order. "We are a reviewing court." *Jackson v. Smith*, No. W2011-00194-COA-R3-CV, 2011 WL 3963589, at *11 (Tenn. Ct. App. Sept. 9, 2011). As such, "[i]n an interlocutory appeal, as well as in an appeal as of right, the appellate court considers only questions that were actually adjudicated by the trial court." *Shaffer v. Memphis Airport Authority, Service Management Systems, Inc.*, No. W2012-00237-COA-R9-CV, 2013 WL 209309, at *4

(Tenn.Ct.App.Jan.18, 2013) (citing *In re Estate of Boykin*, 295 S .W.3d 632, 636 (Tenn. Ct. App. 2008) ("At the appellate level, we are limited in authority to the adjudication of issues that are presented and decided in the trial courts.")). Because the trial court's order does not adjudicate necessary questions of law and fact, this Court cannot determine the "steps by which the trial court reached its ultimate conclusion." *Lovlace*, 418 S.W.3d at 35 (citation omitted). Furthermore, this Court cannot exceed its authority to answer these questions, for the first time, on appeal. Our holding, however, does not preclude the trial court from reopening proof on the question of post judgment interest.

For the foregoing reasons, we vacate the judgment of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are taxed to the Appellant, Rosalyn Small, and her surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE